UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL T. DANIELS,

    Plaintiff,

v().                                                   CASE No. 8:06-CV-1354-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails adequately to address the opinion of a treating physician, it will be reversed, and the matter remanded for further consideration.

I.

---

[1]Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

The plaintiff, who was fifty-three years old at the time of the most recent administrative hearing and who has the equivalent of a high school education, has worked as a newspaper carrier, customer service representative, sales associate, and nursing assistant (Tr. 90, 206, 213). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to damage to cervical, lumbar, and sacral vertebrae, a conjoined nerve root, and degenerative joint disease (Tr. 200). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of cervical and lumbar degenerative disc disease (Tr. 128, 130). He concluded that these impairments limited the plaintiff to light work, but did not prevent him from performing his past relevant work (<u>id</u>.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council reversed the decision of the law judge, directing him, among other things, to obtain additional evidence concerning the claimant's neck and back impairments and to give further consideration to the claimant's residual functional capacity (Tr. 164-66).

On remand from the Appeals Council, the same law judge conducted another hearing at which testimony was received from the plaintiff, Dr. Owen Linder, a medical expert, and Dr. Tennyson Wright, a vocational expert. The law judge found that the plaintiff suffers from severe impairments of "arthritis, lumbar and cervical spine degenerative disc disease, degenerative joint disease, hypertension, GERD, chronic neck and low back pain, lumbar radiculitis, headaches, history of allergies, bronchitis, status post L4-L5 laminectomy October 28, 2003, right lower extremity post laminectomy syndrome, [and] bilateral hand numbness" (Tr. 20). The law judge determined that these impairments limited the plaintiff to a wide range of light work (id.). However, he concluded that this residual functional capacity did not preclude the performance of the plaintiff's past relevant work as a newspaper carrier, customer service representative, and sales attendant (Tr. 21). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff testified that he suffers from disabling neck and back pain. The law judge found that the plaintiff has many severe impairments, including chronic neck and back pain, but that they did not preclude the plaintiff from returning to his prior relevant work. The plaintiff challenges two aspects of the law judge's decision (Doc. 21). At least one of those challenges warrants reversal.

A. The plaintiff argues first that the law judge failed to discuss the weight given to the medical sources in the record (id. at p. 16). In particular, he notes two assessments regarding his physical capacity completed by a treating surgeon, Dr. Lucy C. Love (id. at pp. 16-18). On October 27,

2003, Dr. Love performed a L4-5 hemilaminotomy, bilateral foraminotomy and bilateral L4-5 diskectomy (Tr. 538).

In a Physical Capacity Evaluation dated October 16, 2003, Dr. Love opined that, during an eight-hour workday, the plaintiff could sit for two hours, and stand or walk for two hours (Tr. 515, Ex. 23F). Dr. Love stated further that the plaintiff could not bend, kneel, squat, crawl, or climb ladders (Tr. 516).

In a Physical Medical Assessment Questionnaire dated November 9, 2004, Dr. Love opined, among other things, that the plaintiff could only sit and stand or walk for a total of less than two hours in an eight-hour workday, and that he was incapable of even low-stress jobs (Tr. 540-45).

Since Dr. Love was a treating physician, the law judge had to give substantial or considerable weight to the opinions of Dr. Love unless there was good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinions are not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Id. at 1240-41. Further, the law judge must "clearly articulate the reasons for giving less weight to the opinion of a treating physician...." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge clearly rejected the opinions expressed by Dr. Love in both of the assessments, as he found the plaintiff to have a much greater residual functional capacity (Tr. 20).  Thus, the law judge found, based on the opinions of state agency reviewing physicians, that the plaintiff could sit for six hours, and stand and/or walk for six hours in an eight-hour workday (Tr. 16-17, 20).  The law judge also determined that the plaintiff had no postural, manipulative or environmental limitations (Tr. 20).[3]

The law judge explained that he rejected the residual functional capacity by Dr. Love dated November 9, 2004, because "this report of Dr. Love is not supported by the overall record.  There are no clinical, physical examinations or other tests or findings to support this residual functional capacity.  This residual functional capacity reported by Dr. Love on November 9, 2004, appears to be based upon subjective complaints of the claimant" (Tr. 19).

---

[3] The finding that the plaintiff has no postural limitations is not supported by substantial evidence.  See Broughton v. Heckler, 776 F.2d 960 (11th Cir. 1985).  Only a nonexamining reviewing physician rendered such an opinion, and he did so before most of the medical evidence was developed (Tr. 445).  Dr. Love and an examining physician, Dr. Raul F. Nodal, stated that the plaintiff had some postural limitations (Tr. 516, 577), as did a second nonexamining reviewing physician (Tr. 394).  The plaintiff, however, did not directly challenge the law judge's finding of the plaintiff's residual functional capacity.

These general and cryptic comments are not sufficient to establish good cause for rejecting all of the opinions of Dr. Love set forth in the six-page questionnaire. The record contains results from various tests and examinations, including abnormal MRI's, regarding the plaintiff's back and neck problems (from both before and after the plaintiff's back surgery) and, if the law judge concluded that those results did not support each of Dr. Love's opinions, he needed to explain why. Absent such an explanation, I am unable to determine whether the rejection of each of Dr. Love's opinions was reasonable.

The Commissioner cites to Crawford v. Commissioner of Social Security, 363 F.3d 1155 (11th Cir. 2004), in an effort to sustain the law judge's conclusory assessment. While Crawford does set forth similar language to demonstrate good cause for discounting a treating physician's opinion, the decision then goes on to discuss the evidence that shows good cause. Id. at 1159. That vital step is missing here.

Moreover, the law judge's decision contains no explanation for rejecting Dr. Love's Physical Capacity Evaluation dated October 16, 2003, which, although significantly less restrictive than her November 2004 assessment, opines that the plaintiff is substantially more limited than the

residual functional capacity found by the law judge. In particular, Dr. Love stated that, in an eight-hour workday, the plaintiff could only stand or walk for two hours and could only sit for two hours (Tr. 515). In other words, he could only work four hours a day. Further, she said he would need an unscheduled break every one to two hours (Tr. 516).

The Commissioner seeks to excuse the failure to discuss Dr. Love's October 2003 assessment on the ground that it was harmless error (Doc. 22, p. 7). Thus, he contends that "there was no reason for the ALJ to reject the October 2003 assessment" because the vocational expert "testified that the limitations reported by Dr. Love [in this assessment] would allow Plaintiff to perform past relevant work" (id.).

It is correct that the vocational expert testified, in a conclusory manner, that the plaintiff could perform past relevant work based on Dr. Love's October 2003 assessment, and the law judge cited this testimony in his decision (Tr. 19, 116-17). However, the notion that the plaintiff could perform his past relevant work based on that assessment does not make sense. Thus, the plaintiff's prior job as a newspaper carrier clearly requires more walking and standing than is allowed by Dr. Love's October 2003 assessment (compare Tr. 214 with Tr. 516) (which is assuming that the newspaper carrier

job even qualifies as past relevant work since the plaintiff performed it for only three weeks and it was found not to be substantial gainful activity (Tr. 14)). Further, his past jobs as a customer service representative and sales attendant require more sitting or standing and walking than permitted in that assessment (compare Tr. 216-18, 256 with Tr. 515). In light of these inconsistencies between Dr. Love's 2003 assessment and the vocational expert's testimony, the law judge's failure to evaluate that assessment cannot be dismissed as harmless error. Rather, the law judge needed to explain how he reconciled (if he did) the inconsistencies between Dr. Love's assessment and the vocational testimony.[4]

Under these circumstances, the law judge failed to show good cause for discounting the 2003 and the 2004 assessments by Dr. Love, a treating surgeon. This failure warrants a remand.

B. The plaintiff's second contention is that the law judge incorrectly stated an opinion by Dr. Linder, the medical expert. The law judge

---

[4]There is also an apparent inconsistency in the opinions of the vocational expert. The expert was shown the 2003 and 2004 assessments by Dr. Love. He said that, under the 2003 assessment, the plaintiff could perform past work (Tr. 116-17), but that, under the 2004 assessment, he could not (Tr. 117). The 2004 assessment, however, stated that the plaintiff had been unable to work since August 3, 2003 (Tr. 540), which was before the 2003 assessment and the plaintiff's back surgery. There was no explanation why in light of that statement, which the law judge did not specifically address and reject, the expert thought that the plaintiff could return to past work in 2003 and could not return to past work in 2004 after he had his back operation.

stated in his decision that Dr. Linder testified that "the claimant was capable of a wide range of light work" (Tr. 18).  However, as the plaintiff points out and the Commissioner concedes, Dr. Linder did not give such testimony (Doc. 21, pp. 18-20; Tr. 109-10).  Dr. Linder's testimony on the plaintiff's ability to perform light work was uncertain and he only stated clearly that the plaintiff was not capable of a full range of light work (Tr. 110).

It is doubtful that this error, standing alone, would justify reversal since the law judge did not express any reliance upon the misstated opinion. The error, however, does further undermine confidence in the law judge's decision in general and his finding of the plaintiff's residual functional capacity in particular.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration.  The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 29th day of August, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE